UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JENNIFER LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 19-061-DCR |
| ) | |
| V. ) | |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This case arises out of the denial of long-term disability benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Jennifer Smith has filed objections to the administrative record. [Record No. 21] Smith's objections will be overruled for the reasons that follow.

**I.**

Smith is a former employee of Countrywide Financial Corporation and was a participant of the company's long-term disability insurance policy. Defendant Hartford Life and Accident Insurance Company ("Hartford") is the underwriter of the long-term disability policy. Smith worked for Countrywide for eight years before resigning due to worsening medical conditions. Originally, Smith was denied long-term disability benefits in 2001, but the Sixth Circuit concluded that the former plan administrator conducted an arbitrary and capricious review in determining whether Smith was qualified for disability benefits. *See Smith v. Cont'l Cas. Co.*, 450 F.3d 253 (6th Cir. 2006). The current plan administrator started paying long-term disability benefits after the Sixth Circuit's ruling. However, Hartford

notified Smith on April 6, 2018, that her long-term disability benefits were being denied because "she did not meet the policy definition of Disability." [Record No. 18, p. 284-89]

Smith filed an appeal of the denial of her benefits on September 13, 2018. Hartford then sent a notice to Smith that it needed 45 days to conduct a comprehensive medical review. [Record No. 18, p. 296] Hartford turned over five copies of surveillance video to Smith that were used in making the initial determination to deny her long-term benefits on October 29, 2018. Additionally, on November 1, 2018, Hartford requested an additional 45 days to determine Smith's disability benefits. Smith objected to the extension. [Record No. 18, p. 298] Hartford notified Smith on December 4, 2018, that it had determined that Smith was not entitled to long-term disability benefits based on a new independent medical review by ECN consultant Dr. Matthew Chan on November 2, 2018, and an employability analysis report addendum prepared November 14, 2018. [Record No. 18, p. 299-303]

The plaintiff appealed the administrative decision to this Court on February 21, 2019. Smith has now filed objections to the administrative record seeking to exclude certain documents. Smith wishes to exclude the independent medical report from Dr. Chan and the employability analysis report addendum from the administrative record because they were generated after the plaintiff's original denial of benefits and after she had filed her appeal. Smith also seeks to exclude the surveillance video because it had not been produced to her after she had timely requested it. Finally, Smith objects to any documents that were not produced to her but are now submitted as part of the administrative record. Defendant Hartford responded to the objections ,explaining that all of the documents are part of the administrative record that was considered by the plan administrator and should not be excluded. [Record No. 28]

## II.

**i. Independent Medical Report by Dr. Chan and the Employability Analysis Report Addendum**

Smith objects to the inclusion of the independent medical report and the employability analysis report addendum because they were generated after Hartford's original denial of her long-term disability benefits and after she submitted her appeal. She further objects because the documents were produced after Hartford's deadline to respond or request an extension.

Plan administrators are required to disclose to claimants materials relied upon by the administrator in evaluating a claim for benefits. 29 U.S.C. § 1132(c). To provide a "full and fair review" the claimants must be given access to information relevant to the claimant's claim. 29 C.F.R. § 2560.503-1(h)(2)(iii). Relevant means all documents, records or other information that:

> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8). "In the case of an adverse benefit determination on review, the plan administrator shall provide such access to, and copies of, documents, records, and other information described in paragraphs (j)(3), (j)(4) and (j)(5) of this section as is appropriate." 29 U.S.C. §2560.503-1(i)(5); *see also Willard v. Ohio Operating Eng'rs Pension Plan*, No. 12-cv-266, 2014 U.S. Dist. LEXIS 138697, at *23-26 (S.D. Ohio Sept. 30, 2014).

The plaintiff in *Glazer v. Reliance Std. Life Ins. Co*. asserted that she was denied a "full and fair review" of the denial of her request for benefits because the defendant failed to provide her with a copy of the report produced by a doctor conducting an independent peer review during the pendency of the appeal of her initial denial of benefits. 524 F.3d 1241, 1245 (11th Cir. 2008). The court concluded the defendant was not required to produce documents it relied upon while it reviewed the initial denial of benefits. *Id*. It explained that production of the report just needed to occur after a final decision was reached. *Id.; see also Metzger v. UNUM Life Ins. Co of Am*., 476 F.3d 1161, 1166-67 (10th Cir. 2007) ("[S]ubsection (h)(2)(iii) does not require a plan administrator to provide a claimant with access to the medical opinion reports of appeal-level reviewers prior to a final decision on appeal."); *Balmert v. Reliance Std. Life Ins. Co*., 601 F.3d 497, 502-03 (6th Cir. 2010).

The court in *Glazer* noted that the purpose of disclosing the documents is to determine if a claimant should appeal an adverse decision. *Id*. at 1246. Because an individual would not determine if an appeal is necessary until after a decision is made, then documents do not need to be turned over during the pendency of the review of the initial denial of benefits. *Id*.; *see also Byrd v. Prudential Ins. Co. of Am*., 758 F. Supp. 2d 492, 512 (E.D. Tenn. 2010) (holding that the defendant was not required to produce requested documents that were generated during the pendency of an administrative review prior to the final determination).

Here, the independent medical report and employability analysis report addendum were created during the pendency of the appeal of the initial denial of benefits and relied upon in making the final decision. The plaintiff's objection that the report was generated after the original denial of benefits and produced after the deadline to respond will be overruled because the defendant was not required to turn over the documents until a final decision had been made.

#### ii. Surveillance Video

Smith also objects to the inclusion of any surveillance video in the administrative record because no surveillance footage was originally produced in response to her request. She asserts that 29 C.F.R. § 2560.503-1(h)(2)(iii) requires that she be provided reasonable access to copies of documents or records relevant to her benefits after requesting such information and that not providing the surveillance video violated this provision.

The Eighth Circuit concluded in *Brown v. J.B. Hunt Transportation Services*, that a plan administrator failed to give the plaintiff the opportunity to conduct a "full and fair review" because she did not have access to the administrative record or other requested documents in order to fully and fairly prepare her appeal. 586 F.3d 1079, 1086 (8th Cir. 2009). The court explained that "one of the purposes of [29 U.S.C.] § 1133 is to provide claimants with sufficient information to prepare adequately for any further administrative review or for an appeal to the federal courts." *Id*. The court concluded that the plaintiff did not know the identity of the experts who determined she was not disabled, she did not have access to Prudential's methodologies or reports, and did not know of the particular bases for Prudential's decision to discontinue her long-term disability benefits. *Id*.

This case is distinguishable from the facts in *Brown*. In *Brown* the plaintiff knew of the bases for the decision to deny benefits and had information regarding what the surveillance footage showed. The initial denial letter received by the plaintiff noted that it relied upon video surveillance dated 07/05/2017, 07/10/2017, 08/20/2017, 08/29/2017 and 09/08/2017. [Record No. 18, p. 286] The letter also detailed what was observed during surveillance. [Record No. 18, p. 286-87] Here, Smith was on notice that the video surveillance was used in making the initial determination and what the surveillance footage contained. Further, Smith received

copies of the surveillance video in October 2018, which was before the appeal determination December 2018. Additionally, the surveillance footage should be included in the administrative record because it was relied upon in making the administrative decision and existed when the plan administrator made its final decision. *See Pearce v. Chrysler LLC Pension Plan*, No. 10-14720, 2012 U.S. Dist. LEXIS 30125, at *3-4 (E.D. Mich. Mar. 5, 2012) (concluding that documents that were not included in production to the plaintiff but existed when the plan administrator made its final decision should be included in the administrative record). Accordingly, the plaintiff's objection to the inclusion of the surveillance video will be overruled.

### iii. Other Evidence Not Produced to Plaintiff

Finally, Smith objects to any and all documents that were not produced to her and are now included in the administrative record. She explains that she is unable to determine what was not produced in a timely manner because of the extensive nature of the administrative record.

The Court's review of the denial of benefits under ERISA is "limited to the administrative record available to the plan administrators when the final decision was made." *Marks v. Newcourt Credit Group*, 342 F.3d 444, 457 (6th Cir. 2003). The administrative record includes documents and reports that were submitted during the administrative appeals process and documentation that existed before the plan administrator made its final determination. *See Moon v. Unum Provident Corp.,* 405 F.3d 373, 378 (6th Cir. 2005); *Pearce*, 2012 U.S. Dist. LEXIS 30125 at *3-4. Smith does not indicate whether the allegedly unproduced documents were in existence at the time of the final administrative decision. *See Lightfoot v. Principal Life Ins. Co.*, No. CIV-11-130-M, 2011 U.S. Dist. LEXIS 95713 (W.D.

Okla. Aug. 25, 2011) (holding that any documents the defendant did not produce upon plaintiff's request should not be excluded from the administrative record and the Court could not find any authority for the relief sought by the plaintiff). Smith's objection will be overruled because the Court is required to consider the administrative record that was before the plan administrator.

Accordingly, it is hereby

**ORDERED** that Plaintiff Jennifer Smith's objections [Record No. 21] are **OVERRULED**.

Dated: August 15, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge